IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:20-cr-35(1) |
| Plaintiff, | : | Judge Algenon L. Marbley |
| v. | : | |
| HASSAN NURISO, | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant Hassan Nuriso's September 12, 2025 Motion for Early Termination of Probation. (ECF No. 48). The Government does not oppose his request. (ECF No. 50). The motion is **DENIED**.

**I. BACKGROUND**

On October 2, 2020, Defendant Hassan Nuriso pleaded guilty to conspiracy to defraud the United States in violation of 18 U.S.C. § 371, unlawful food stamp redemption in violation of 7 U.S.C. § 2024(c), and Women, Infants and Children Program (WIC) fraud in violation of 42 U.S.C. § 1760(g). (*See* ECF No. 38 at 1). Specifically, Hassan Nuriso and his co-defendant Abdurahim Nuriso converted illegally obtained food stamps and WIC coupons into money, and allowed food stamp and WIC beneficiaries to purchase items that should not have been redeemable. (ECF No. 1 at 6–14, 15–17 (indictment allegations for counts 1, 3, and 4); ECF No. 16 at 1 (plea agreement incorporating indictment allegations for counts 1, 3 and 4)). On March 3, 2021, this Court sentenced Nuriso to five years of probation, including a year of home detention, and payment of more than $2.9 million in restitution. (*See* ECF No. 38 at 2). This Court subsequently granted an early termination of Nuriso's home detention on September 16, 2021, in light of the petition of the

United States Probation Officer, who noted that Nuriso was compliant, completed over half of the home detention, and had been making timely payments of $50 a month toward his restitution. (ECF No. 45 at 1–2).

Now, Mr. Nuriso moves for early termination of his probation. (*See* ECF No. 48). He represents that he is employed as a part-time delivery driver, has maintained a stable residence in Galloway, Ohio, and has paid $7,350.67 in total in restitution toward the $2.9 million he owes. Mr. Nuriso's probation officer does not object given Nuriso's "compliance with the conditions of his supervision (including making payments toward restitution), his employment, and his provision of care for his children." (ECF No. 50 at 1). The Government also does not oppose due to Nuriso's compliance "and the modest curtailment to the term of supervision he seeks," noting that it "recently sought and received financial information from Mr. Nuriso that will assist . . . in continuing to collect restitution." (*Id.*).

## II. STANDARD OF REVIEW

Courts may "terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c). Courts must consider the "applicable" section 3553(a) factors. *Id.*; *United States v. Wilkinson*, 2022 WL 1626575, at *1 (W.D. Ky. May 23, 2022). The section 3553(a) factors that may be applicable include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to afford adequate deterrence in criminal conduct; (3) the need to protect the public from the defendant; (4) the need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment; (5) the sentencing range provided for by the guidelines;

(6) any pertinent policy statements issued by the Sentencing Commission; (7) the need to avoid sentence disparities; and (8) the need to provide restitution. 18 U.S.C. § 3553(a)(1); (a)(2)(B)–(D); (a)(4)–(7).

### III.  LAW & ANALYSIS

After carefully considering the statutory requirements, this Court determines that the first, second, third, fifth, seventh, and eighth factors are applicable. First, the nature and circumstances of Nuriso's offense, combined with his characteristics, weigh against early termination. Nuriso pleaded guilty to a conspiracy to defraud and to violation of the food stamp and WIC programs. True, he has now secured employment, maintained contact with his Probation Officers, and complied with the Government's efforts to obtain restitution throughout his period of probation. (ECF No. 50 at 1). This may aid his character argument. But this is also what is required of him. "[C]ompliance is expected of an offender on probation" and does not warrant early termination. *Wilkinson*, 2022 WL 1626575, at *2; *accord United States v. Roman*, 2025 WL 1311275, at *5 (S.D. Ohio May 6, 2025) (Marbley, J.) (compliance on supervised release is expected); *United States v. Hale*, 127 F.4th 638, 641 (6th Cir. 2025) (same). The seriousness of Nuriso's offense is manifest: he defrauded the Government out of millions of dollars meant to help women, children, and low-income individuals.

Second, Nuriso's sentence has not yet provided adequate deterrence. This also weighs against early termination. Probation is one of this Court's "primary tools for ensuring that a criminal defendant receives just deserts for the original offense." *Esteras v. United States*, 606 U.S. 185, 196 (2025) (characterizing probation as a form of punishment, whereas supervised release is a form of rehabilitation); *cf. United States v. Bonsu*, 2021 WL 3098083, at *5 (S.D. Ohio July 22, 2021) (Marbley, J.) (observing the "important deterrent purpose" of a criminal sentence).

3

Although Nuriso has served most of his term of probation and has only a few months left, he only received probation for offenses that could have involved years in prison. This factor weighs strongly against early termination of probation.

Third, it is true that Nuriso appears to be a low risk to the public. Though this Court does not diminish the nature of his crime in any way, apparently Nuriso has behaved for the past four and a half years of his probation. This factor weighs in favor of early termination.

The Court finds that the fourth and sixth factors are inapplicable, and therefore it next considers the fifth and seventh factors. Nuriso's sentencing range and the need to avoid sentencing disparities weigh strongly against early termination of probation. Consider Nuriso's punishment as compared to that of his co-defendant. Nuriso's guidelines imprisonment range was between 37 and 46 months, and his co-defendant's range was 46 to 57 months. (*See* ECF Nos. 28 at 22; 27 at 22). His co-defendant's sentence included a prison term of two years; Nuriso's did not include any prison time. (ECF No. 40 at 2). Nuriso has already benefitted from a lenient sentence, especially when compared to his co-defendant, who served prison time.

Per the eighth factor, the Court also considers the ongoing need to provide restitution to Mr. Nuriso's victim, the United States. Nuriso has only paid a small fraction of what he owes. However, the Government appears satisfied that he is doing what is required so that restitution can be collected in the future. (ECF No. 50 at 1). And the Court appreciates that Nuriso's employment prospects (and thus, his ability to pay restitution) might improve once his probation has concluded. (*See* ECF No. 48 at 1). Moreover, the mere existence of "outstanding restitution" is not a basis to deny a motion seeking early termination. *United States v. Zai*, 2022 WL 17832201, at *6 (6th Cir. Dec. 21, 2022). In this case, this factor is neutral. *See United States v. Sosna*, 2025 WL 3140641,

at *2 (S.D. Ohio Nov. 10, 2025) (suggesting that restitution payments of $6,516.27 toward more than $58 million owed makes this factor neutral).

In sum, four of the applicable section 3553(a) factors weigh against early termination, one weighs in favor, and one is neutral. Taken together, these factors militate against early termination of Nuriso's probation. But the Court also looks beyond the section 3553(a) factors to consider Nuriso's conduct and the interest of justice.

Nuriso's conduct and the interest of justice do not warrant early termination of probation. As previously mentioned, Nuriso's conduct is commendable but is also what was required of him, and thus does not warrant early termination. *See Wilkinson*, 2022 WL 1626575, at *2. This is particularly true given his sentence was only probation. It would not further the interest of justice to see Nuriso receive an early termination of an already-lenient probation sentence when his co-defendant served actual prison time. And although the Court commends Nuriso for continuing to make his restitution payments, the amount he has paid thus far is only about 0.25% of the amount he owes.

Separately, Nuriso's argument that probation impedes his ability to travel to Africa and care for his mother is unavailing. (ECF No. 48 at 1). Nuriso failed to "identify any specific travel [he] was unable to take; [he] did not identify any efforts to seek accommodation from the probation office; [and he] did not present any travel requests to the court." *United States v. Harris*, 2025 WL 1115016, at *4 (E.D. Pa. Apr. 15, 2025); *accord United States v. Arabi*, 2008 WL 5188150, at *2 (S.D. Ohio Dec. 10, 2008) (requiring defendant on probation to submit travel requests to the probation officer). If his probation is an impediment to specific travel that he needs to make, he should raise the specific issue. Nuriso's probation sentence provides him with this opportunity— one he would not have if he were incarcerated. Thus, despite Mr. Nuriso's implication, there is

nothing in the Court's sentence of probation prevents him from "fully embrac[ing] [his] duty as a father, brother and son." (ECF No. 48 at 1). He can fulfill his familial duties while also serving probation. Nuriso's sentence of probation was lenient, and he will serve it to completion.

## IV.    CONCLUSION

Hassan Nuriso has not made a sufficient showing to permit early termination. Based on his conduct, an evaluation of the relevant section 3553(a) factors, and the interests of justice, early termination of his five-year sentence of probation is not warranted. His motion for early termination of probation is **DENIED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: December 29, 2025**

6